```
                    UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION


PAUL TREVOR CORNELIUS,           )    Case No. CV 17-08990-AS
                                 )
            Plaintiff,           )    MEMORANDUM OPINION
                                 )
     v.                          )
                                 )
NANCY A. BERRYHILL,              )
Acting Commissioner of the       )
Social Security Administration,  )
                                 )
            Defendant.           )
_____)
```

## PROCEEDINGS

On December 14, 2017, Plaintiff filed a Complaint seeking review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On May 10, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). On October 31, 2018, the parties filed a Joint Stipulation

("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 21).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On September 8, 2014, Plaintiff, formerly employed as a cashier, short order cook, construction cleaner and painter (see AR 39-44, 209, 214-15), filed applications for Supplemental Security Income and Disability Insurance Benefits, alleging an inability to work because of a disabling condition since February 1, 2014. (See AR 14, 159-73). On January 22, 2016, the Administrative Law Judge ("ALJ"), Robin Rosenbluth, heard testimony from Plaintiff (represented by counsel) and vocational expert Aida Worthington. (See AR 36-76). On July 18, 2016, the ALJ issued a decision denying Plaintiff's application. (See AR 14-22). After determining that Plaintiff had severe impairments -- neuropathy and alcohol abuse (AR 16)[1] --, but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 17), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work[3]

---

[1] The ALJ found that Plaintiff's mental impairment of mood disorder was non-severe. (AR 16-17).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is
(continued...)

with the following limitations: can carry and lift 10 pounds occasionally; can sit 6 hours; can stand/walk 2 hours in an 8-hour workday; needs a cane for balance; canot operate foot controls occasionally; cannot be around unprotected heights; can climb ladders, ropes, scaffolds, stairs and ramps occasionally. (AR 18-20). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 20-21), but that Plaintiff could perform the jobs existing in significant numbers in the national economy and was therefore not disabled within the meaning of the Social Security Act. (AR 21-22).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 157). The request was denied on November 7, 2017. (See AR 1-6). Plaintiff now seeks judicial review of the ALJ's Decision which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence

---

[3] (...continued)
often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

3

that detracts from the [Commissioner's] conclusion." <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006).[4]

**PLAINTIFF'S CONTENTION**

Plaintiff alleges that the ALJ erred in finding that Plaintiff's neuropathy impairment did not meet Listing 11.14A. (<u>See</u> Joint Stip. at 4-8, 21-22).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from legal error.

//
//
//

---

[4] The harmless error rule applies to the review of administrative decisions regarding disability. <u>See</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 886-88 (9th Cir. 2011); <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

4

**DISCUSSION**

**A. The ALJ Did Not Err in Finding that Plaintiff's Impairment Did Not Meet Or Equal Listing 11.14A**

Plaintiff asserts that the ALJ erred in finding that Plaintiff's impairment did not meet Listing 11.14A. Plaintiff claims that the ALJ "fail[ed] to adequately consider the deterioration of [Plaintiff's] neuropathy and inability to effectively ambulate without a walker beginning in August 2015." (See Joint Stip. at 4-8, 21-22). Defendant asserts that the ALJ properly found that Plaintiff's impairment did not meet Listing 11.14A and further asserts that the ALJ could not find Plaintiff disabled because Plaintiff's alcohol abuse is the primary cause of his neuropathy and other limitations. (See Joint Stip. at 9-20).[5]

If a claimant suffers a severe impairment, the ALJ is required to decide whether the impairment meets or equals one of the listed impairments. See 20 C.F.R. §§ 404.1520(d), 416.920(d); Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990); Marcia v. Sullivan, 900 F.2d 172, 174-75 (9th Cir. 1990). Disability is presumed if a claimant's impairment or combination of impairments meets or is medically equivalent to one of the listed impairments. Id.; 20 C.F.R.

---

[5] The Court need not address Defendant's argument that Plaintiff's alcohol abuse precluded a finding of disability (see Joint Stip. at 9-16). As Plaintiff points out (see Joint Stip. at 21), a finding of disability would be precluded only if the ALJ had conducted a drug abuse and alcoholism analysis to determine which of Plaintiff's limitations would remain if Plaintiff stopped using drugs or alcohol. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007); 20 C.F.R. §§ 404.1535, 416.935.

5

§§ 404.1520(d), 416.920(d); Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987). An impairment meets a listed impairment if a claimant has "a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.. The criteria of a listed impairment cannot be met solely based on a diagnosis. 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). If an impairment is not described in the listed impairments, or if the combination of impairments does not meet one of the listed impairments, the determination of medical equivalence is based on a comparison of findings (concerning a claimant) "with those for closely analogous listed impairments." 20 C.F.R. §§ 404.1526(b)(2), (3), 416.926(b)(2), (3). The decision is based on "all evidence in [a claimant's] record about [his or her] impairment(s) and its effect on [a claimant] that is relevant to this finding" and on designated medical or psychological consultants. 20 C.F.R. §§ 404.1526(c), 416.926(c).

A claimant can meet Listing 11.14 if he has peripheral neuropathy, characterized by "A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance

while standing or walking, or use the upper extremities[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14.[6]

Listing 1100D1 describes "disorganization of motor function" as:

> interference, due to your neurological disorder, with movement of two extremes; *i.e.*, the lower extremities, or upper extremities (including fingers, wrists, hands, arms and shoulders)). By two extremities we mean both lower extremities, or both upper extremities, or one upper extremity and one lower extremity. All listings in this body system, except for 11.02 (Epilepsty), 11.10 (Amyotrophic lateral sclerosis), and 11.20 (Coma and persistent vegetative state), include criteria for disorganization or motor function that results in an extreme limitation in your ability to:
>     a. Stand up from a seated position; or
>     b. Balance while standing or walking; or
>     c. Use the upper extremities (including fingers, hands, arms, and shoulders).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00D1.

---

[6] As Defendant points out (see Joint Stip. at 18 n.1), the version of Listing 11.14 in effect at the time of the ALJ's decision required peripheral neuropathies and "disorganization of motor function as described in 11.04(B), in spite of prescribed treatment." See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14 (2016); McCloskey v. Colvin, 2016 WL 5745077, *7 (C.D. Cal. Sept. 29, 2016). However, since the newer version of Listing 11.14 went into effect on September 29, 2016, see 81 Fed. Reg. 43048-01, 2016 WL 3551949, which was prior to the Appeals Council's denial of Plaintiff's Request for Review, the Court will examine the newer version of Listing 11.14.

7

Listing 11.00D2 describes "extreme limitation," in pertinent part, as:

> the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities. The assessment of motor function depends on the degree of interference with standing up; balancing while standing or walking; or using the upper extremities (including fingers, hands, arms, and shoulders).
>     a. Inability to stand up from a seated position means that once seated you are unable to stand and maintain an upright position without the assistance of another person or the use of an assistive device, such as a walker, two crutches, or two canes.
>     b. Inability to maintain balance in a standing position means that you are unable to maintain an upright position while standing or walking without the assistance of another person or an assistive dvice, such as a walker, two crutches, or two canes.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00D2.

In finding that Plaintiff's impairment or combination of impairments did not meet or equal a listing, the ALJ stated, "With regards to listing 11.14 for peripheral neuropathies, the record fails to demonstrate any significant and persistent disorganization of motor

function in two extremities that have resulted in sustained disturbance of gross and dexterous movements or gait and station." (AR 17).

Although Plaintiff has cited to evidence of possible neuropathy of both his feet prior to August 2015 (see Joint Stip. at 7, citing AR 312, 449, 590, 737), the evidence (see Joint Stip. at 7-8, citing AR 595-97, 624-35, 800-03) fails to show that beginning in August 2015 Plaintiff had a "[d]isorganization of motor function in two extremities . . . resulting in an extreme limitation . . . in the ability to stand up from a seated position, [or] balance while standing or walking[.]" See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14.

While on August 24, 2015, a doctor ordered Plaintiff a walker with a seat apparently based on an unsteady gate (see AR 596), there is no indication that the walker was ordered because of problems of motor function in Plaintiff's two lower extremities which were caused by foot neuropathy. (See AR 596 ["Neuropathy of both feet (HCC)-likely alcohol related neuropathy."]; AR 597 ["Neurology referral for consultation and EMG/NCS of bilateral lower extremities."]). Moreover, neither the December 9, 2015 report of the internal medicine consultative examination nor the January 14, 2016 Progress Note demonstrates problems of motor function in Plaintiff's two lower extremities which were caused by foot neuropathy or an extreme limitation in Plaintiff's ability to stand up from a seated position or to balance while standing or walking. (See AR 628 [Consultative examination: "The claimant uses a walker to ambulate. He has stiff gate. He was able to walk approximately 5 feet. He was complaining of pain and therefore refused to walk further."; "Based on the examination, I do not find evidence of neuropathy."]; and

AR 800-03 [Progress Note: "Neuropathy and foot pain - He describes symptoms of numbness, burning, lancinating pain, tingling and hypersensitivity. . . Symptoms are worse in the lower extremities."; "Neurological: positive for paresthesia."; "[N]ormal gait and balance."; TORADOL injection given for pain in both feet.].

Plaintiff has failed to meet his burden of showing that he has met each criteria for Listing 11.14A. See Sullivan, supra, 493 U.S. at 530-31; Burch, supra, 400 F.3d at 682-83; Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)("The burden of proof is on the claimant as to steps one to four."). Contrary to Plaintiff's contention, the ALJ properly found that Plaintiff's impairments did not meet Listing 11.14A.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 29, 2018

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE